**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CURTIS WARD,

        Plaintiff,                    Civil Action No. 5:16-cv-13129

v.                                HONORABLE JOHN CORBETT O'MEARA
                                UNITED STATES DISTRICT COURT

MENTAL HEALTH, M.D.O.C., et. Al.,

        Defendants,

                                      /

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  INTRODUCTION

The Court has before it Plaintiff Curtis Ward's *pro se* civil rights complaint filed

pursuant to 42 U.S.C.§ 1983.  Plaintiff is a state prisoner currently confined at the

Woodland Center Correctional Facility in Whitmore Lake, Michigan.  Having reviewed

plaintiff's complaint, the Court dismisses it with prejudice for failing to state a claim upon

which relief can be granted.

### II.  STANDARD OF REVIEW

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he

or she was deprived of a right, privilege or immunity secured by the Federal Constitution

or laws of the United States, and (2) the deprivation was caused by a person acting under

color of state law.  Absent either element, a section 1983 claim will not lie. *Hakken v.*

*Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995).  A *pro se* civil rights

complaint is to be construed liberally. *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994).  Pursuant to 28 U.S.C. 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III.  COMPLAINT

Plaintiff has filed a completely blank complaint with the Court, which does not contain any factual allegations involving the denial of a constitutional right by the defendants nor requests any specific relief from this Court.

### IV.  DISCUSSION

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Board of Education*, 76 F. 3d 716, 726 (6th Cir. 1996); *See also Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998)(conclusory unsupported allegations of a constitutional deprivation do not state a § 1983 claim).

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  This rule seeks "to avoid technicalities and to require that the pleading discharge the function

of giving the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Chase v. Northwest Airlines Corp.*,  49 F. Supp. 2d 553, 563 (E.D. Mich.1999)(*quoting* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1215).

In the present case, plaintiff's blank complaint certainly fails to satisfy the requirements of Fed. R. Civ. P. 8(a)(2) and is thus subject to dismissal, because it contains no factual or legal allegations  which state a claim upon which relief can be granted. *See  Payne v. Secretary of Treas.*, 73 Fed. Appx. 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed.R.Civ.P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her.").

## V.    CONCLUSION

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).  Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).


                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  September 21, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 21, 2016, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager